IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANETTE D. COLEMAN, )
　)
　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 14-886
　)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed briefs in support of their motions. (ECF Nos. 10, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she has been disabled since November 18, 2010. (ECF No. 7-6, p. 2). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on December 19, 2012. (ECF No. 7-2, pp. 34-54). On February 21, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 17-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Ability to Interact with Coworkers and Supervisors

Plaintiff argues that while the ALJ purported "to give 'great weight' to the opinion of Dr. Rockey…he appears to have rejected Dr. Rockey's moderate limitations in interacting appropriately with supervisors and coworkers" without explanation. (ECF No. 10, pp. 21-24). Consequently, Plaintiff argues remand is required on this issue. After a review of the record, I agree.

There is no doubt that the ALJ assigned great weight to Dr. Rockey's opinions of Plaintiff's mental impairments. (ECF No. 7-2, p. 27). Dr. Rockey opined that Plaintiff is moderately limited in interacting appropriately with the public, in interacting appropriately with supervisors, in interacting appropriately with coworkers, in responding appropriately to work pressures in a usual work setting, and in responding appropriately to changes in a routine work setting. (ECF No. 7-9, p. 60). The ALJ included in his residual functional capacity ("RFC") certain limitations expressed by Dr. Rockey. He, however, failed to include any limitation on interacting with supervisors and

3

coworkers.[1] (ECF No. 7-2, p. 20). Certainly, the ALJ is not required to accept Dr. Rockey's opinions at all, much less do so wholesale. Nevertheless, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.* If evidence is not pertinent, relevant nor probative, however, an ALJ need not discuss it. *Johnson v. Comm'er of SS,* 529 F.3d 198, 204 (3d Cir. 2008). Additionally, an ALJ may reject relevant evidence without explanation when there is overwhelming contrary evidence in the record, thereby rendering the unexplained evidence irrelevant. *Id.*

In this case, the ALJ assigned great weight to Dr. Rockey's mental limitations. (ECF No. 7-2, p. 27). Yet, he does not mention any of the limitations set by Dr. Rockey regarding interacting with supervisors and/or coworkers. (ECF No. 7-2, pp. 20-27). The ALJ is entitled to reject such limitations, but he must then discuss or explain why he rejected such opinion evidence to which he assigned "great weight." The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further clarification.

---

[1]The ALJ found Plaintiff has the RFC to perform light work with physical limitations. (ECF No. 7-2, p. 20). The ALJ also found Plaintiff has mental limitations such that she "also needs a low-stress, stable work environment and is limited to simple, routine, repetitive tasks requiring no more than minimal contact with the public." *Id.*

Based on the same, Plaintiff also argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 10, p. 24). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis as well.

      C.      **<u>Non-examining State Agency Opinions</u>**

Plaintiff next argues that the ALJ erred in giving great weight to the opinions of two medical consultants that were rendered in May of 2011, nineteen months before Plaintiff's hearing. (ECF No. 10, pp. 24-30). Plaintiff is not arguing that the ALJ erred in relying on these opinions simply because time elapsed. *Id.* Rather, Plaintiff submits that significant treatment took place after those opinions were issued rendering them stale and incomplete. *Id.* Consequently, Plaintiff suggests that remand is warranted. After a review of the evidence, I agree.

State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p.).

In this case, the ALJ gave great weight to the May 2011, state agency opinions that were 21 months old at the time of his determination. That, in and of itself, is not an issue. *See, Chandler,* 667 F.3d at 361. What is troubling, however, is that a significant amount of mental health treatment was rendered after May of 2011, which can be read to indicate that Plaintiff's condition deteriorated. "[O]ther courts have been disinclined to uphold the denial of benefits when the ALJ relied upon an outdated report of a non-treating physician, and there was evidence on the record that the claimant's condition deteriorated after the report was prepared." *Link v. Soc. Sec. Disability*, No. 13-812, 2014 WL 3778320, at *11 (W.D. Pa. July 30, 2014), *citing, Griffies v. Astrue,* 855 F.Supp.2d 257 (D.Del.2012) (recognizing that non-treating sources should be 'evaluated to the degree to which these opinions consider all of the pertinent evidence in [the] claim.') and *Foley v. Barnhart,* 432 F.Supp.2d 465 (M.D.Pa. 2005); *Nolan v. Astrue,* No. 10-1639, 2011 WL 3651152, at *19 (W.D. Pa. Aug. 18, 2011), *citing Cadillac v. Barnhart,* 84 Fed. Appx. 163, 168-69 (3d Cir. 2003).

Additionally, the ALJ indicates that the opinion of state agency consultative doctor, Dr. Rockey, from May of 2011, was based on "a review of available records." (ECF No. 7-2, p. 23). This is an incorrect statement. In fact, Dr. Rockey did not review the April 20, 2011, psychiatric evaluation of Plaintiff written by Dr. Susan Morine, M.D. (ECF No. 7-9, p. 54 and No. 7-9, pp. 51-53). Thus, I am unable to tell if the ALJ knew that a pertinent and relevant psychological evaluation was available and not reviewed by Dr. Rockey or if he was unaware that the opinion of Dr. Rockey was not based on a review of all available records at the time.

Based on the above, I find remand is warranted on this issue as well. On remand, the ALJ is instructed to order a current psychological consultative examination of Plaintiff.[2]

---

[2] Plaintiff also suggests that the ALJ incorrectly inferred a nefarious and malingering intent on the part of Plaintiff when he stated that Plaintiff's "symptoms allegedly began to escalate as the date for her disability hearing approached and [I] cannot help but view the pattern of complaints as tinged with motivations of secondary gain." (ECF No. 7-2, p. 26). This statement is very

6

An appropriate order shall follow.

---

concerning to me as the ALJ does not cite to any medical record evidence to support this conclusion and seems to base it on simply timing. As a result, I find this conclusion is not supported by substantial evidence of record. Since I have found that remand is warranted regarding the issues set forth above, I am instructing the ALJ to reconsider the issue of Plaintiff's credibility without such inference or to state the basis for this conclusion, other than just timing.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANETTE D. COLEMAN, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 14-886
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge